UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAN VIZCARRA-FLORES;<br>GABRIEL BOLANOS-SANCHEZ,<br><br>                           Petitioners,<br><br>v.<br><br>JUDGE JILL L. BURKHARDT, United States Magistrate Judge for the Southern District of California; UNITED STATES OF AMERICA, Real Party in Interest,<br><br>                           Respondents. | Case No.: 3:18-cv-01811-BEN-NLS<br><br>**ORDER DENYING PETITION FOR WRIT OF MANDAMUS**<br>**(28 U.S.C. § 1651)** |

On August 3, 2018, Petitioners Adan Vizcarra-Flores and Gabriel Bolanos-Sanchez filed a petition for a writ of mandamus ("Petition") against Magistrate Judge Jill L. Burkhardt with regard to the process for taking their pleas. Each Petitioner was charged with violation of 8 U.S.C. § 1325(a), Improper Entry by an Alien, and appeared before Judge Burkhardt on August 2, 2018.[1] (Docket No. 1, "Pet.")

///

---

[1] *United States v. Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 3; *United States v. Bolanos-Sanchez*, Case No. 3:18-mj-20597-JLB-1, Docket No. 3.

1

Briefly, Petitioners allege Judge Burkhardt wrongfully preconditioned acceptance of their pleas on the assurances of their counsel that their respective pleas were freely given, knowing, and voluntary. They argue that this amounts to an additional requirement not mandated or authorized under Rule 11(b) of the Federal Rules of Criminal Procedure.[2] In short, Petitioners assert that because their counsel declined to provide the assurances to Judge Burkhardt, their plea hearings did not move forward.

On August 6, 2018, this Court held an emergency hearing. Robert H. Rexrode appeared for Petitioners, and Assistant United States Attorney Benjamin Holly appeared for Respondents. The hearing was held on short notice due to Petitioners' interest in accepting plea offers for time-served sentences. After hearing the parties' arguments, the Court took the matter under submission. (Docket No. 7.)

On August 8, 2018, Petitioners pleaded guilty to their respective charges, which rendered their Petition moot.[3] *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("The Court may take judicial notice of "matters of public record.") (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). For this reason, the Petition is **DENIED as moot**.

Generally, "a federal court loses its jurisdiction to reach the merits of a claim when the court can no longer effectively remedy a present controversy between the parties." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (citation omitted). However, under the "capable of repetition, yet evading review" exception, a federal court may decline to dismiss an otherwise moot action if: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to

---

[2] Unless otherwise indicated, the Court's reference to Rules in this Order are to the Federal Rules of Criminal Procedure.

[3] *Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 6; *Bolanos-Sanchez*, Case No. 3:18-mj-20597-JLB-1, Docket No. 6.

the same action again." *Id.* (quoting FEC v. *Wisc. Right to Life, Inc.,* 551 U.S. 449, 462 (2007)) (internal quotation marks omitted). The Court finds this exception applicable to Petitioners' action, and proceeds to analyze the merits of the issues raised in the Petition.

The Court has considered the Petition, the transcript of the August 2, 2018 hearing before Judge Burkhardt,[4] and the oral arguments raised by the parties at its August 6, 2018 emergency hearing. Additionally, the Court has reviewed the Honorable Anthony J. Battaglia's recent order granting a petition for a writ of mandamus in a similar matter. *See Ramirez-Castillo, et al. v. U.S. Magistrate Judge for the So. Dist. of Cal.*, Case No. 3:18-cv-01712-AJB-MDD, Docket No. 6, *Order Granting Petition for Writ of Mandamus* (July 30, 2018).

Although the Court agrees with the reasoning in Judge Battaglia's *July 30, 2018 Order*, the Court finds it is not applicable to the facts of this Petition. Petitioners assert Judge Burkhardt improperly "refused" to take their pleas by creating "an extra-legal requirement" to Rule 11(b) that their counsel "provide his or her own personal opinion as to the voluntariness" of their pleas. (Pet. at 2.) However, this assertion is not supported by the record. On the contrary, the record supports the Court's conclusion that Judge Burkhardt properly declined to accept Petitioners' guilty pleas because she had concerns about the voluntariness of the pleas.

During the hearing, Judge Burkhardt learned Mr. Vizcarra-Flores was forty-four year old and had stopped attending school after the third-grade, and Mr. Bolanos-Sanchez was nineteen years old and had completed the twelfth-grade.[5] After Judge Burkhardt advised Petitioners about the charges against them, the Government's burden of proof, their rights, and the consequences of their guilty pleas, she questioned Petitioners to ascertain whether their pleas were voluntary.

---

[4] *Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 7; *Bolanos-Sanchez*, Case No. 3:18-mj-20597-JLB-1, Docket Nos. 7-8.

[5] *Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 7 at p. 16.

Following Petitioners' Rule 11(b) colloquies, Judge Burkhardt asked Mr. Rexrode, their counsel, whether there was "any legal or factual basis why [she] should not accept" their pleas.[6] Mr. Rexrode responded that Petitioners did not have any "legal factual defenses" to their charges, but expressed concerns about the voluntariness of their pleas "because of the amount of time [he had] spent with [Petitioners] and [his] understanding of what [Petitioners] may think is going on."[7] More specifically, Mr. Rexrode indicated his concern that, other than a high probability of receiving a "time-served" sentence, Petitioners may not have had sufficient time to consider all of the consequences of a guilty plea.[8] In contrast, Mr. Rexrode indicated that in a prior hearing for a different client with similar charges, he could state without reservations that his client was pleading guilty voluntarily because he had sufficient time with that client.[9]

Subsequently, the record shows Judge Burkhardt became duly concerned with the voluntariness of Petitioners' pleas, and ultimately declined to accept them at the August 2, 2018 hearing, explaining:

> Although [Petitioners] indicated that there was no coercion applied, counsel has expressed concerns about the voluntariness and about the inherent coerciveness of these proceedings. I find that – that raises a concern for the Court about the voluntariness of these two pleas, and I find that it's a matter that can be addressed relatively easily though additional time with counsel, and so I'm going to grant the additional time. Even though I understand the [Petitioners] would prefer to plead today rather than spend more time with counsel, I have an independent obligation to make sure that these please are knowingly and voluntarily made, and I have sufficient concerns about the

---

[6] *Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 7 at p. 28; *Bolanos-Sanchez*, Case No. 3:18-mj-20597-JLB-1, Docket No. 7 at pp. 35-36 (Petitioners' counsel incorporating by reference the same voluntariness discussion regarding Petitioner *Vizcarra-Flores* to Petitioner Bolanoas-Sanchez).
[7] *Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 7 at p. 29.
[8] *Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 7 at pp. 28-32.
[9] *Vizcarra-Flores*, Case No. 3:18-mj-20598-JLB-1, Docket No. 7 at pp. 30-31.

> voluntariness in light of the concerns expressed by counsel to not accept the pleas today, and that is true for Mr. Vizcarra and Mr. Bolanos.[10]

In sum, the Court concludes Judge Burkhardt conducted an appropriate inquiry into the voluntariness of Petitioners' pleas. Indeed, the Court commends Judge Burkhardt for seeking to protect Petitioners' rights through her inquiry. Based on the record, the Court finds Judge Burkhardt had good cause to decline acceptance of Petitioners' guilty pleas. Therefore, the Petition is also **DENIED** on this ground.

    **IT IS SO ORDERED.**

Dated: August 13, 2018

*/s/ Roger T. Benitez*
Hon. Roger T. Benitez
United States District Judge

---

[10] *Vizcarra-Flores*, Case No. 3:18-mj-20597-JLB-1, Docket No. 8 at p. 22.